UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAUREEN MORAVEC,

    Plaintiff,

v.                                              Case No:   2:18-cv-596-FtM-38NPM

METROPOLITAN TILE & MARBLE,
INC., a Florida Profit Corporation,

    Defendant.

---

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court on review of a Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice. (Doc. 43). Plaintiff Maureen Moravec and Defendant Metropolitan Tile & Marble, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act claims asserted in this case. After a careful review of the parties' submissions and the court file, the Court recommends approval of the proposed settlement.

### LEGAL STANDARD

This action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Courts within this Circuit have generally held that parties may not stipulate

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to a dismissal of an FLSA action without providing the Court at least some information concerning the resolution of the claims—not even parties receiving vigorous representation from counsel—because "the FLSA, a statute famously designed to preempt in certain particulars the possibility of private agreement, remains immune to the unsupervised intrusion of a private agreement." *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1237 (M.D. Fla. Apr. 19, 2010). Thus, even a "full compensation" agreement by which all of plaintiff's claims for wages and liquidated damages are paid in full—plus costs and a reasonable attorney's fee—can be jointly dismissed by the parties only if they adequately assure the Court that neither an "exchange of another valuable consideration of any kind," nor the forbearance of any valuable right of the plaintiff, is included in the agreement or any "side deal." *Id.* at 1239-1240.

When there is anything short of a full compensation agreement, the parties' proposed agreement must be filed on the public docket and presented to the district court for approval.

> Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage.

*Id.* at 1241-42. The agreement may not prospectively waive any FLSA rights, and it must award employee's counsel a reasonable fee that does not taint the employee's recovery. *Id.* at 1243.[2] Moreover, even if the agreement would be a reasonable resolution of the

---

[2] If the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement,

- 2 -

employee's claims, the Court must also ensure that it does not frustrate the implementation of the FLSA, such as leaving claims of similarly situated employees or recurring issues unresolved. *Id.* at 1244. Finally, any additional terms, such as non-disparagement or confidentiality provisions, must be for the benefit of the employee only or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates*, LLC, No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees,* 706 F. Supp 2d at 1241. Nevertheless, the Court must scrutinize an FLSA settlement for fairness, including an evaluation of:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

## CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Complaint, Plaintiff alleges she worked as an hourly-paid, non-exempt salesperson for Defendant's tile and marble sales and repair company. (Doc. 1, pp. 2-3). Plaintiff claims that during her employment beginning in November 2014 and ending

---

including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

July 2018, Defendant paid Plaintiff an hourly wage plus commission. (*Id.*, p. 3). Plaintiff further claims that while she was paid at an hourly rate, Defendants failed to include her commission payments in her regular rate of pay. (*Id.*). Plaintiff also claims she regularly worked up to 49 hours or more per week but was not properly compensated time and one half of her regular pay for the hours in excess of 40 hours per week. (*Id.*). Defendant denies these allegations claiming that Plaintiff did not work in excess of forty hours any work week for which she did not receive overtime compensation. (Doc. 43, p. 1). In fact, Defendant denies Plaintiff is entitled to any relief whatsoever. (*Id.*).

In evaluating the factors discussed in *Dees* to determine fairness and reasonableness, counsel for both sides find benefit to a settlement rather than protracted litigation. (Doc. 43, p. 5). The parties assert there is no fraud or collusion. (*Id.*). And, given the complexity, expense, likely duration of the litigation, and the probability of success, the parties also decided that these factors militate in favor of the proposed settlement. (*Id.*). The parties agree that continuing to litigate this matter would cause each party to incur additional costly discovery, motion practice, and possibly a trial. (*Id.*). The additional costs in determining the exact number of overtime hours favors settlement.

Even though a *bona fide* dispute exists between the parties, the parties successfully negotiated a settlement of Plaintiff's claims. The parties agreed to settle this matter to avoid additional expense and minimize future risk in proving their claims and defenses. (*Id.*).

*Monetary Terms*

After an investigation and exchange of information, the parties agree to settle this matter with the following terms: (1) $14,500 for unpaid overtime wages; and (2) $14,500

for liquidated damages.  (Doc. 43-1, p. 2).  The monetary terms appear to represent a fair and reasonable resolution of the dispute.

*Attorneys' Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorneys' fees in the amount of $10,000.  (*Id.*).  Further, "the [p]arties stipulate that the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amount being paid to Plaintiff under the terms of the Settlement Agreement and FLSA Release." (Doc. 43, p. 7).

In the instant case, the attorneys' fees were negotiated only after agreeing on the amounts to be paid to Plaintiff.  Because the matter of attorneys' fees was addressed independently of Plaintiff's claims, the proposed settlement of Plaintiff's attorneys' fees is fair and reasonable and did not influence the reasonableness of Plaintiff's settlement.

Finally, in the Joint Motion and the settlement agreement, the parties request that the Court retain jurisdiction indefinitely to enforce the terms of the parties' settlement. (Doc. 43-1, p. 4).  The parties failed to provide any justification for the Court to retain jurisdiction.  The Undersigned is not inclined to recommend that the Court retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving FLSA settlement agreement but denying parties' request to retain jurisdiction where the agreement did not require it and the parties offered no articulation of independent jurisdiction.).  While the Court recommends the monetary terms of the settlement agreement should be approved, it is the Court's recommendation that the parties' request for the Court to retain jurisdiction be denied.

Upon consideration of the foregoing, it is recommended that the proposed settlement in this case is fair and reasonable and should be approved by the Court.

Accordingly, it is respectfully **RECOMMENDED** that:

1) The Settlement Agreement and Full and Final Release of Claims (Doc. 43-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

2) The Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice (Doc. 43) be **GRANTED**.

3) The parties' request for the Court to retain jurisdiction over enforcement of the settlement agreement be **DENIED**.

4) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 3, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

- 7 -

Copies furnished to:

Counsel of Record
Unrepresented Parties